UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DARRYL McGORE et al.,

              Plaintiffs,              Case No. 1:11-cv-264

v.                                                Honorable Janet T. Neff

UNKNOWN KRAJENIK et al.,

              Defendants.
_____/

## **OPINION**

This is a civil rights action brought by state prisoners Darryl McGore, Tomika D. Shaw, Robert Fields and Craig Koos pursuant to 42 U.S.C. § 1983. This Court previously dismissed Plaintiffs Darryl McGore, Tomika D. Shaw and Robert Fields' claims from this action without prejudice.[1] The Court has granted Plaintiff Koos leave to proceed *in forma pauperis*, and Plaintiff Koos shall pay the initial partial filing fee as funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff Koos's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept

---

[1] On June 9, 2011, the Court issued an order and judgment (docket ##67, 68) dismissing Plaintiff Fields's claims without prejudice for want of prosecution. On August 10, 2011, the Court issued an order and partial judgment (docket ##85, 86) dismissing Plaintiff McGore's claims without prejudice for lack of prosecution. Also on August 10, 2011, this Court issued an order and partial judgment (docket ##87, 89) dismissing Plaintiff Shaw's claims without prejudice for lack of prosecution. Plaintiff Koos is the only remaining plaintiff in this action.

Plaintiff Koos's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff Koos's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Koos presently is incarcerated at the Oaks Correctional Facility. In his *pro se* complaint, he sues Warden Cindi Curtin, Deputy Warden Robert Sanders and Resident Unit Managers (Unknown) Thomas and (Unknown) Krajenik.

Plaintiff Koos asserts the following in his complaint (verbatim):

1. The approximate date of June 30, 2010 The Rum Krajenik has failed to prevent unmanageable conditions in one-block such as RUM allowing manipulative inmate's to select cell changes at their own will to lock with other inmate's where the assault's, sexual pressure from other inmate's have occurred since June 2009 where the stabbings and extortion of manipulative inmate's have occurred by RUM Krajenik allowing favored inmate's to lock with certain inmate's resulting in assaults in protective custody cells where known assaultive inmate's are classified to protective custody cell's and no thorough research history has occurred before assigning PC inmate's to cell's causing inmate's like Darryl McGore to go to 4 -Block, and 5-Block solitary confinement (the Hole) based on misclassification by block officers in 1-Block and RUM Krajenik and Deputy Warden Nick Sharp of Housing Department.

2. The second allegations are failure to provide assaultive offender program's for parole purpose's, and psyche, and impulse, control program's to class member's 8th and 14th Amendment right's violations deliberate indifference, physical harm and injury by not providing programs by RGC recommendations.

(Compl., docket #1, Page ID##3-4.)

For relief, Plaintiff requests compensatory and punitive damages and attorney fees. He also requests to be transferred to a facility with group counseling, assaultive offender programs and sex offender programs.

- 2 -

**Discussion**

I.       Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Defendants Curtin, Sanders and Thomas**

Plaintiff Koos filed his complaint against Defendants Curtin, Sanders and Thomas but he fails even to mention those Defendants in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the

claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendants Curtin, Sanders and Thomas.

B.  **Defendant Krajenik**

1.  Eighth Amendment

Plaintiff Koos alleges that Defendant Krajenik allowed certain inmates to select cell changes, and, thus, create unmanageable conditions, such as assaults and sexual advances to occur at Oaks Correctional Facility. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).

To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-881 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242-43 (6th Cir.1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

Plaintiff Koos suggests that Defendant Krajenik permitted certain inmates to select cell changes, and, thus, allowed unmanageable conditions to exist in the prison. Plaintiff Koos, however, does not allege that he has been housed with prisoners manipulated by Defendant Krajenik or exposed to any threat of harm by those inmates. Because Plaintiff does not allege that he has been subject to such cell conditions, he has not met his burden of showing a connection to "justify a reasonable fear for personal safety." *Thompson*, 29 F.3d at 242-43. Plaintiff Koos therefore fails to state an Eighth Amendment claim against Defendant Krajenik.

2. Fourteenth Amendment

In violation the right to due process, Plaintiff Koos complains that "inmates like Darryl McGore" have been misclassified by Defendant Krajenik . . . ."[2] (Compl., docket #1, Page ID##3-4.) Plaintiff also asserts that he has been denied certain programs required for parole.

---

[2] Plaintiff Koos lacks standing to assert the constitutional rights of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Therefore, Plaintiff Koos cannot assert claims of Darryl McGore or other inmates that have been allegedly misclassified by Defendant Krajenik.

"Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)). As to Plaintiff Koos's allegations regarding security classifications, the Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id.*; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Without a protected liberty interest, plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See, e.g.*, *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than

warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). Because Plaintiff Koos does not have a constitutional right to a particular security level or classification, he fails to state a claim.

Finally, Plaintiff Koos complains of being denied programs for parole purposes. Contrary to his assertions, Plaintiff Koos does not have a federally cognizable liberty interest in participating in rehabilitative programs at Oaks Correctional Facility. Federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs under the Fourteenth Amendment. *See, e.g., Moody,*, 429 U.S. at 88 n.9 (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to

rehabilitative services). Because Plaintiff Koos does not have a liberty interest in rehabilitative programs, he fails to state a due process claim against Defendant Krajenik.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff Koos appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff Koos is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Partial Judgment consistent with this Opinion will be entered.


Dated: September 1, 2011            /s/ Janet T. Neff
                                    Janet T. Neff
                                    United States District Judge